UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

REGINALD MYERS,

    Petitioner,

v.

H. ALLEN BEARD,

    Respondent.

Case No. 0:20-cv-134-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Reginal Myers is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland in Ashland, Kentucky. Proceeding without counsel, Myers has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] Myers has not paid the $5.00 filing fee, but claims to have requested that it be paid out of his prison trust fund account. [D.E. No. 1-1]

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

Myers identifies three grounds for relief in his § 2241 petition: 1) that the mishandling at COVID-19 at FCI-Ashland (including the continued transfer of positive COVID-19 inmates into the general population, as well as inadequate medical care) and the failure to follow CDC protocols has resulted in him being housed in hazardous conditions endangering his life; 2) that FCI-Ashland is in violation of the American with Disabilities Act, as there are no handicap-accessible restrooms, showers, or living quarters, and, as a blind person, he is denied access to the law library and other programs that would benefit him; and 3) that his pre-existing mental illnesses of anxiety and PTSD in response to COVID-19 have gotten worse due to the prison conditions and the prison's failure to follow CDC Guidelines and protocol. [D.E. No. 1 at p. 5-6] He also claims that he was attacked by two inmates and no action was taken due to ADA violations. [*Id*. at p. 5] He states that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to raise his claims because his claims are regarding prison conditions. [*Id*. at p. 3] As relief, he requests that the Court vacate his sentence and return him home. [*Id*. at p. 10]

However, Myers's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564

F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Upon review, Myers's claims clearly relate to the conditions, not the fact or duration, of his confinement. A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Myers wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

It is true that the United States Court of Appeals for the Sixth Circuit has recently stated that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). In *Wilson*, the petitioners contended that there were *no* conditions of confinement sufficient to prevent irreparable constitutional injury at FCI-Elkton as a result of the spread of COVID-19, thus they sought release, which the Sixth Circuit noted is "the heart of habeas corpus." *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). However, Myers does not claim that there are absolutely no conditions of confinement under which he could constitutionally remain at FMC-Ashland. Rather, he seeks release from custody because prison officials are failing to adequately comply with CDC Guidelines and the conditions of the prison allegedly violate the ADA.

Moreover, to the extent that Myers seeks for his sentence to be vacated and for him to be sent home, in *Wilson*, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners. A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 961 F.3d at 838. Thus, Myers's request for immediate release to home

confinement, though filed in a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced Myers, and may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 961 F.3d at 844.

In fact, a review of the docket in Myers' criminal case shows that he is currently pursuing a motion for compassionate release in the Court that sentenced him and that he is being represented by counsel in these efforts. *See United States v. Myers*, No. 1:10-cr-0069-MRB-1 (S.D. Ohio) at R. 219, 227, 233. Thus, to the extent that Myers wishes to seek a modification of his sentence, he may continue to pursue this claim in the court that sentenced him.

For all of these reasons, the Court will deny Myers's § 2241 petition without prejudice to Myers's right to assert his claims related to the conditions of his confinement in a civil rights proceeding and/or his right to continue to seek a modification of his sentence pursuant to 18 U.S.C. § 3582 in the Court that sentenced him.

Accordingly, it is hereby **ORDERED** as follows:

1. Myers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 3rd day of November, 2020.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**